UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WEEKS MARINE, INC., AS OWNER OF THE M/V TREVOR, A 69' STEEL TOWING VESSEL, OFFICIAL NO. 597716, FOR EXONERATION FROM AND LIMITATION OF LIABILITY | No. 16–cv–1463 (KM)(JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF No. 8) of interested party Leslie Conklin to transfer the venue of this action, pursuant to Supplemental Admiralty Rule F(9), to the Southern District of New York. Reviewing the parties' submissions, I find that the Southern District of New York is a more appropriate venue for this action. Accordingly, the motion to transfer venue is **GRANTED**.[1]

    I.    **BACKGROUND**

        **a. The Sinking of the SPECIALIST**

On March 12, 2016, the towing vessel "SPECIALIST" struck a moored construction barge named "N181" in the Hudson River, near the Tappan Zee Bridge Construction Project off of Tarrytown, New York. (Decl. of Andrew Buchsbaum, dated May 10, 2016 (ECF No. 9) ("Buchsbaum Decl.") ¶ 3) As a result of the collision, the SPECIALIST sank and the three crewman aboard, Timothy Conklin, Paul Amon, and Harry Hernandez, lost their lives.

---

[1] Claimant Tappan Zee Constructors, LLC has also filed two motions to dismiss, one for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) (ECF No. 15) and the other pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) for failing to include one of the vessels in the liability action (ECF No. 17).

The SPECIALIST, a tugboat owned by Specialist, LLC, was operating as part of a flotilla which was transporting the crane barge WEEKS 533, a non-motive barge owned by the Petitioner, Weeks Marine, Inc. ("Weeks Marine"). (*Id.* ¶ 7) Two additional towing vessels were part of the flotilla: the "REALIST," owned by Specialist, LLC, and the "TREVOR," owned by Weeks Marine. The flotilla was assisting in towing WEEKS 533 from Weeks Marine's marine yard in Jersey City, New Jersey, to Albany, New York, and back again. (Decl. of Thomas Langan in Opposition to Conklin's Motion to Transfer, dated June 6, 2016 (ECF No. 22-17) ¶ 6) Conklin, Amon and Hernandez, the seamen aboard the SPECIALIST, were employed by New York Marine Towing, Inc. (Buchsbaum Decl ¶ 6) The moored construction barge, N181, was owned by Traylor Bros., Inc., and was part of the Tappan Zee Bridge Construction Project, managed by Tappan Zee Constructors, LLC. (*Id.* ¶ 17)

The Westchester County, New York Department of Public Safety began an investigation into the incident and was involved in retrieving the bodies from the sunken vessel. (*Id.* ¶ 12) The Westchester County medical examiner's office conducted the autopsies of Conklin, Amon and Hernandez. (*Id.* ¶ 14) Additionally, the Westchester County District Attorney's Office and the United States Coast Guard, Sector New York, have ongoing investigations into the incident. (*Id.* ¶¶ 13, 15)

### b. Pending Litigation in the Southern District of New York

On April 27, 2016, Leslie Conklin, the Administratrix of the Estate of Timothy Conklin, filed suit in the Southern District of New York, White Plains vicinage, against New York Marine Towing, Inc., Specialist, LLC, Tappan Zee Constructors, LLC, and Traylor Bros., Inc. (the "Conklin Action") (Buchsbaum Decl., Ex. 17) The Conklin Action was brought pursuant to the Jones Act, 46 U.S.C. § 30104, seeking monetary damages for the death of the plaintiff's kin, and it asserts causes of action sounding in negligence. On May 5, 2016, Donna Amon, a representative of the Estate of Paul Amon, filed a similar action against the same defendants, alleging the same causes of action, in the

Southern District of New York (the "Amon Action"). (Id. Ex. 19) On May 13, 2016, Yirda Guerrero Hernandez, as representative of the Estate of Harry Hernandez, also filed suit in the Southern District of New York, again with the same causes of action against the same defendants (the "Hernandez Action"). (Reply Decl. of Andrew Buchsbaum in Further Support of Motion to Transfer, dated June 13, 2016 (ECF No. 27) ("Buchsbaum Reply Decl.") Ex. 5)

The Conklin, Amon and Hernandez Actions have been deemed related actions and are currently before Judge Kenneth M. Karas. Weeks Marine has filed an appearance in the Amon action and a conference is scheduled for June 28, 2016. (*Id.* Exs. 1, 8)

### c. This Action

On March 15, 2016, before any action had been filed in the Southern District of New York related to this accident, Weeks Marine filed this limitation of liability action in the District of New Jersey pursuant to Supplemental Admiralty Rule F. (ECF No. 1) Weeks Marine is a New Jersey corporation with its principal place of business in Cranford, New Jersey. (Langan Decl. ¶ 2) Weeks Marine sought to have all related claims against it heard in admiralty in federal court in Weeks's home state. (*Id.* ¶ 18) One of Weeks's vessels, the TREVOR, also happened to be located within the District of New Jersey at the time of filing. (*Id.*) An Order was issued on March 21, 2016, directing the issuance of a notice to all potential claimants to file their claims by June 21, 2016. (ECF No. 5) On May 10, 2016, Leslie Conklin filed her motion to transfer this action to the Southern District of New York. (ECF No. 8)

## II. DISCUSSION

### a. Legal Standard

Supplemental Admiralty Rule F(9) provides: "For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district[.]" The rule is similar to the transfer provision under 28 U.S.C. § 1404(a), and the analysis is familiar. *See, e.g., In re Complaint of Bankers Trust Co.*, 640 F. Supp. 11, 14 (E.D. Pa. 1985).

It is axiomatic that the movant bears the burden of establishing the need for transfer and that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In addition to the factors enumerated in Section 1404(a) – the convenience of the parties and witnesses and the interests of justice - the Third Circuit, as well as courts within this Circuit considering motions for permissive transfer, have been guided by a number of non-exclusive public and private interest factors:

> The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home; the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted).

### b. Analysis

A review of the relevant factors leads to the conclusion that, in the interest of justice, transfer is appropriate. This case's connections to New Jersey are slim. The fatal collision took place in the Hudson River, near Tarrytown, New York, in New York waters. The companies that own the other vessels involved, Specialist, LLC and Tappan Zee Constructors, LLC, as well as New York Marine Towing, Inc., the company which employed the seamen and with which Weeks contracted to move the barge, are all New York entities. All investigations into the incident have been conducted by New York-based agencies, and there is no evidence of any investigation by any New Jersey entity. It follows that any evidence collected during the course of those investigations, along with books and records from the other companies involved in the incident (and, presumably, employees who may be called as witnesses),

4

will be found in New York. Moreover, three actions in relation to this accident have already been filed in the Southern District of New York. All of those plaintiffs (Conklin, Amon and Hernandez) have consented to the transfer of this action to the Southern District of New York. I also note that in this case, Tappan Zee Constructors, LLC, has filed a motion to dismiss for improper venue in which it argues that venue is proper in the Southern District of New York. (ECF No. 15-1)

I find Weeks Marine's arguments to the contrary unpersuasive. First, Weeks Marine appears to suggest that the proximity of accident to New Jersey waters somehow weighs in favor of a New Jersey forum. It is undisputed that the collision occurred in New York waters and the fact that another state's waters may have been nearby does nothing to suggest that the other state is an appropriate forum. Second, Weeks Marine argues that the claim actually arose in New Jersey because it was there that Weeks Marine hired New York Marine Towing and the SPECIALIST to tow WEEKS 533, and because it was in New Jersey that the round trip journey to Albany began. The core issues in the case, however, are strongly tied to the situs of the accident, which was in New York, not to the point of embarkation. Third, Weeks Marine also appears to argue that the travel from the Southern District of New York to the nearby District of New Jersey poses no great inconvenience. True enough, but remaining in New York would pose even less of an inconvenience. This factor does not really tip the balance either way. At any rate, this argument misses the point, because the vast majority of witnesses, evidence, and parties are located in New York. Venuing the action in New Jersey would benefit only Weeks. Fourth, Weeks Marine contends it is based in New Jersey, its books and records are maintained in New Jersey, and its employees are found in New Jersey. I have no reason to doubt that, but again the convenience of one party cannot be said here to weigh equally against that of all the others.

Finally, Weeks Marine argues that the motion to transfer should be denied because it filed the action in this District first. Under the so-called "first-filed rule," a court may "exercise its discretion by enjoining subsequent

5

prosecution of similar cases in different federal district courts." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988) (noting that the rule gives district court's discretion to enjoin later-filed actions involving the same parties and the same issues already before another court). The policy considerations behind the rule are sound judicial administration of matters and comity among federal courts. The discretion under the rule, however, "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Id.* at 972. The first-filed rule is not a hard-and-fast rule; rather, the Section 1404 factors must also be considered. Here, those factors overwhelmingly weigh in favor of transferring this action to the Southern District of New York where three related cases are pending.

### III.   CONCLUSION

Conklin's motion to transfer venue under Supplemental Admiralty Rule F(9) is **GRANTED**. Weeks Marine's limitation of liability action will be transferred to the Southern District of New York.

Dated: June 14, 2016

_____
**Hon. Kevin McNulty**
**United States District Judge**